The opinion of the court was delivered by
Watkins, J.
The defendant having been indicted and convicted of the crime of forgery, on two counts, and sentenced to imprisonment in the penitentiary at hard labor for a term of seven years, has 'appealed — relying on two bills of exception.
The first bill relates to the following extract from the charge of the judge to the jury, viz.:
“ I charge you that when the defence of insanity (is set up) in avoidance of the penalty prescribed by law, the burden of proving insanity rests upon the prisoner, and he must make out his case by proof which satisfies your mind beyond a reasonable doubt as to whether, at the time of the commission of the offence, he was sane or insane. If you have any reasonable doubt on that point, it will be your duty to convict the prisoner.”
Defendant’s counsel insist that the charge, as given, was erroneous and injurious, and that he is entitled to relief.
The trial judge' cites and relies upon the State vs. Coleman, 27 An. 691, and State vs. De Rance, 34 An. 186, as supporting his ruling.
In the former case the court puts the proposition thus tersely, viz.:
*1089 “ The answer to the ninth objection is, as previously stated, the .State is not bound to prove the sanity of the accused. He who alleges it must prove it.”
In the former the court said:
“But to have any serious weight in the eyes of the jury, such alleged unsoundness cf the mind, or momentary insanity, must be shown to have been an undoubted fact, not before or after, but at the very time the unlawful act complain of was committed. It is at that particular time that it must be established beyond a reasonable doubt that there existed, on the part of the accused, no capacity to discern right from wrong as to the act forming the basis of the charge.” (Our italics.)
These two decisions seem quite sufficient to dispose of the case, and sustain the ruling of the trial judge.
The defendant’s second bill relates to the judge’s refusal to grant him a new trial, predicated exclusively upon the charge of the judge, which is disposed of in the preceding bill. The judge’s ruling was a matter of course.
Judgment affirmed.